[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-14415
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 11, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00416-CR-7-KOB-RRA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES KEITH VALLIMONT, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(May 11, 2010)

Before HULL, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Charles Keith Vallimont, Jr. appeals his conviction for receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A). On appeal, Vallimont argues that the district court erroneously denied his motion to suppress evidence

recovered from his laptop computer because (1) the warrantless search and seizure of his computer violated the Fourth Amendment, and (2) the 45-day delay in obtaining a warrant to search Vallimont's computer was unreasonable. After careful review, we affirm.

"Because rulings on motions to suppress involve mixed questions of fact and law, we review the district court's factual findings for clear error, and its application of the law to the facts de novo." United States v. Bervaldi, 226 F.3d 1256, 1262 (11th Cir. 2000). Further, "all facts are construed in the light most favorable to the prevailing party below." Id. The burden of proving an exception to the warrant requirement lies with the government. United States v. Jeffers, 342 U.S 48, 51 (1951).

The Fourth Amendment proscribes unreasonable searches and searches. U.S. Const. amend. IV. In most circumstances, unless there is consent, police officers must obtain a warrant supported by probable cause to justify a search under the Fourth Amendment. United States v. Magluta, 418 F.3d 1166, 1182 (11th Cir. 2005). Warrantless searches and seizures inside a person's home are presumptively unreasonable. United States v. Burgos, 720 F.2d 1520, 1525 (11th Cir. 1983).

First, we reject Vallimont's claim that the seizure of his computer was unconstitutional. Seizure of a container, pending issuance of a warrant to examine its contents, is permitted where there is (1) probable cause to believe that it holds contraband or evidence of a crime and (2) if the "exigencies of the circumstances demand it or some other recognized exception to the warrant requirement is present." United States v. Place, 462 U.S. 696, 701 (1983). Probable cause exists when under the totality of the circumstances "there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). The "plain view" doctrine permits a warrantless seizure "where (1) an officer is lawfully located in the place from which the seized object could be plainly viewed and must have a lawful right of access to the object itself; and (2) the incriminating character of the item is immediately apparent." United States v. Smith, 459 F.3d 1276, 1290 (11th Cir. 2006). We have recognized that exigent circumstances exist where there is the "risk of loss, destruction, removal, or concealment of evidence." United States v. Santa, 236 F.3d 662, 669 (11th Cir. 2000).

The warrantless seizure of Vallimont's computer was permissible under the "plain view" doctrine because (1) Investigator David Griffin was lawfully present in the child's living room to investigate sexual abuse allegations; (2) Vallimont's

3

computer was plainly visible on the living room coffee table; and (3) the incriminating character of the computer was immediately apparent based upon the child's statements that Vallimont had child pornography on that computer. See Smith, 459 F.3d at 1290. The warrantless seizure was also permissible under the exigent circumstances exception to the warrant requirement because (1) there was probable cause to believe the computer held child pornography, and (2) Griffin was understandably concerned that the evidence on the computer might be deleted if Vallimont became aware of the investigation. See Santa, 236 F.3d at 669.

We likewise are unpersuaded that the search of his computer was unconstitutional. Third parties may consent to a warrantless search when they possess "common authority over or other sufficient relationship to the premises or effects sought to be inspected." United States v. Matlock, 415 U.S. 164, 171 (1974). The Supreme Court has explained that:

> The authority which justifies the third-party consent does not rest upon the law of property . . . but rests rather on mutual use of the property by persons generally having joint access or control for most purposes, so that it is reasonable to recognize that any of the co-inhabitants has the right to permit the inspection in his own right and that the others have assumed the risk that one of their number might permit the common area to be searched.

Id. at 171 n.7 (internal quotations and citations omitted).

Furthermore, "when an individual reveals private information to another, he assumes the risk that his confidant will reveal that information to the authorities . . . Once frustration of the original expectation of privacy occurs, the Fourth Amendment does not prohibit governmental use of the now-nonprivate information . . . ." United States v. Jacobsen, 466 U.S. 109, 117-19 (1984) (holding there was no Fourth Amendment violation where an agent examined the inside of a package that the owner had entrusted to a private party, and which the private party then freely made available to the agent for inspection); see also Place, 462 U.S. at 705 & n.6 (indicating that the seizure of a defendant's property is less intrusive where the owner has previously relinquished control of the property to a third party).

A warrantless search is also permissible where both probable cause and exigent circumstances exist. United States v. Tobin, 923 F.2d 1506, 1510 (11th Cir. 1991) (en banc). Where the facts lead a reasonably cautious person to believe that the search will uncover evidence of a crime, probable cause exists. Id. The test of whether exigent circumstances exist is an objective one. United States v. Young, 909 F.2d 442, 446 (11th Cir. 1990). "[T]he appropriate inquiry is whether the facts . . . would lead a reasonable, experienced agent to believe that evidence might be destroyed before a warrant could be secured." Id.

Although the viewing of an adult pornographic file on Vallimont's computer, by a law enforcement officer, constituted a warrantless search, the district court did not err by denying Vallimont's motion to suppress because the warrantless search did not violate Vallimont's Fourth Amendment rights. First, the law enforcement officer did not need to obtain a warrant to examine a file on Vallimont's computer because the child victim consented to the search of the computer. Second, because Vallimont frustrated his expectation of privacy by revealing the contents of his computer to the child and giving her free access to its contents, the government was not prohibited from using this now-nonprivate information. See Jacobsen, 466 U.S. at 117-19. Lastly, exigent circumstances may justify the initial warrantless search of Vallimont's computer because the search aided Griffin in determining that seizure of the computer was necessary. See Tobin, 923 F.2d at 1510.

But even if the warrantless search of Vallimont's computer was illegal, the evidence obtained from his computer was still admissible. We recognize that, in addition to any illegally obtained evidence, a court may suppress incriminating evidence that was derived from that primary evidence, i.e., "fruit of the poisonous tree." United States v. Terzado-Madruga, 897 F.2d 1099, 1112-13 (11th Cir. 1990). Under the independent source doctrine, however, the evidence seized is

admissible if it was obtained from a lawful source, independent of the unreasonable or unlawful search. United States v. Davis, 313 F.3d 1300, 1303-04 (11th Cir. 2002).

Here, there were two sources of information, independent from the initial warrantless search, that supported probable cause to issue a warrant to search Vallimont's computer. The independent sources were (1) the child's statements that Vallimont had shown her a video of children having sex, and (2) Vallimont's admissions at a June 4, 2008 interview that his computer had child pornography on it. Consequently, we affirm the district court's conclusion that the initial warrantless search and seizure of Vallimont's computer did not violate his Fourth Amendment rights and did not require suppressing the evidence obtained from his computer.

We also find no merit in Vallimont's claim that the 45-day delay in obtaining a warrant to search his computer was unreasonable because the government failed to act diligently to secure permission to retain and search it. We have explained that "even a seizure lawful at its inception can nevertheless violate the Fourth Amendment because its manner of execution unreasonably infringes possessory interests protected by the Fourth Amendment's prohibition on 'unreasonable searches.'" United States v. Mitchell, 565 F.3d 1347, 1350 (11th

Cir. 2009) (quotation omitted). "Thus, even a seizure based on probable cause is unconstitutional if the police act with unreasonable delay in securing a warrant." Id. (quotation omitted). "The reasonableness of the delay is determined in light of all the facts and circumstances, and on a case-by-case basis." Id. at 1351 (quotation omitted). The reasonableness analysis should "reflect a careful balancing of governmental and private interests." Id. (quotation omitted).

In Mitchell, the defendant conceded that the officers had probable cause to seize a hard drive from the defendant's computer, but argued that the officers unreasonably did not request a warrant to search the hard drive until 21 days later. Id. at 1349-50. We said that "[c]omputers are relied upon heavily for personal and business use," and typically are used to store a variety of personal information. Id. at 1351. Therefore, we concluded that the three-week delay represented a "significant interference" with the defendant's "substantial" possessory interest, and there was no compelling justification for the delay. Id. We also concluded that the delay was unreasonable under the Fourth Amendment, where (1) the agent "didn't see any urgency," due to the defendant admitting that the hard drive contained child pornography, (2) the agent attended a two-week training program during the delay, and (3) the agent did not ask another agent for assistance. Id. at 1351-53.

8

We, however, noted that, under the reasonableness standard, certain circumstances might justify a delay that would otherwise be too long. Id. at 1352-53. For example, a delay could be justified "if the assistance of another law enforcement officer had been sought," or "if some overriding circumstances arose, necessitating the diversion of law enforcement personnel to another case." Id. We also recognized that "there may be occasions where the resources of law enforcement are simply overwhelmed by the nature of a particular investigation, so that a delay that might otherwise be unduly long would be regarded as reasonable." Id. at 1353.

This case is distinguishable from Mitchell in a number of ways. First, the delay was reasonable due to the "overriding circumstances" necessitating Officer Pam Kirsch's diversion to other cases, and because the law enforcement resources of Tuscaloosa County were "simply overwhelmed." Id. at 1352-53. This case is also distinguishable from Mitchell based upon Kirsch's efforts during the 45-day delay to prepare the warrant and continue investigating the case. Moreover, Vallimont had a diminished privacy interest in his computer compared to the defendant in Mitchell, so that the delay in obtaining a warrant was less intrusive. Based on all the aspects of the present case that distinguish it from Mitchell, we affirm the district court's finding that the 45-day delay in obtaining a warrant to

search Vallimont's computer was not unreasonable, and thus, did not require the suppression of all evidence seized from the computer.

**AFFIRMED.**